## W. W. PEARCE ET AL. v. M. L. JACKSON, ADM'X.

(Case No. 5201.)

1. BONA FIDE PURCHASER — HUSBAND AND WIFE. — To constitute the wife, claiming through a conveyance from her husband, a *bona fide* purchaser, as against a claimant under an older unrecorded deed, she must have paid out of her separate means for the land; for if the money which was the consideration of the deed to her was community property, the deed from her husband would be a gift, and no valuable consideration in that event having moved from her, she could not in contemplation of law be an innocent purchaser without notice.

2. SAME — COMMUNITY PROPERTY. — When the money which formed the consideration for the deed was money collected two years after marriage, due for services as a school teacher performed by the wife, it will be presumed to be community property. The fact that the husband collected it, and made the deed to reimburse the wife without her knowledge, or that, as between themselves, he regarded the money as her separate property, would not change its character.

3. HUSBAND AND WIFE. — Though the husband is the agent of the wife in the management of her separate estate, as between themselves, yet if she can contract at all with her husband so as to bind her separate estate, she must

exercise her own will, and the husband cannot be the agent of the wife to make a contract with himself.

4. INNOCENT PURCHASER.— One who, at the moment of accepting a deed, given in consideration of money of the vendee previously appropriated by the vendor, was informed of an older unrecorded deed made by the vendor to another for the same property, cannot be a *bona fide* purchaser.

APPEAL from Bosque. Tried below before the Hon. Jo Abbott.

Appellee brought suit May 23, 1881, against W. W. Pearce for the recovery of two hundred acres of land.

It was alleged in the petition that M. L. Jackson was the duly qualified and acting administratrix of the estate of A. C. Pearce, deceased. That on the 1st day of November, A. D. 1878, A. C. Pearce in his life-time was lawfully seized in fee and in peaceable possession of the land in controversy, and on that day defendant W. W. Pearce forcibly took possession thereof and ejected plaintiff. W. W. Pearce filed a general denial and a plea of not guilty; and a special answer alleging that since the 2d day of December, 1876, he had not held or claimed that part of the land described in the plea of intervention of Nannie L. Pearce as his own, but for his wife, Nannie J. Pearce, during her life-time, and after her death for his minor child, Nannie L. Pearce. The balance of the land he had held under the deeds from A. C. Pearce and wife to R. M. Linn, and from Linn and wife to defendant W. W. Pearce.

Defendant prayed for judgment for the land described in the Linn deeds.

On the 25th day of January, 1884, Nannie L. Pearce, by her next friend and natural guardian, W. W. Pearce, filed her plea of intervention under leave of the court, alleging that she was a minor four years old and the child of W. W. and Nannie J. Pearce. That on the 2d day of December, 1867, A. C. Pearce made and delivered a deed to W. W. Pearce, which was acknowledged and recorded in Bosque county, Texas, conveying the land in controversy. That W. W. Pearce immediately became seized in fee and possessed of said land and thereafter held actual possession thereof. On the 2d day of December, 1876, he made, executed and delivered a deed to the land to his wife, Nannie J. Pearce, who paid a valuable consideration therefor out of her separate money. That she had no actual or constructive notice of any adverse claim. That she was seized in fee and in actual possession of said land at her death. She left surviving her Nannie L. Pearce, her only surviving heir. She made no will and there was no administration on her estate.

Plaintiff M. L. Jackson filed her supplemental petition, excepting

to the plea of intervention as insufficient.   Verdict for plaintiff for the land sued for.

Among other things the court charged the jury, "It not having been shown that the consideration for the land conveyed by said deed (meaning the deed from W. W. Pearce to his wife, Nannie J. Pearce) was the separate money of said Nannie J. Pearce, she cannot be regarded as an innocent purchaser for a valuable consideration without notice, and therefore intervenor's right to the land cannot be regarded as superior to plaintiff's right to the land."

*O. L. Lockett,* for appellant, cited:  H. & T. C. R. R. Co. *v.* Nixon, 52 Tex., 20; Williams *v.* Davidson, 43 Tex., 2; Nations *v.* Thomas, 25 Tex. Sup., 222; Keyser *v.* Pilgrim, 25 Tex. Sup., 218; Bailey *v.* Mills, 27 Tex., 434.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.— There can be no doubt that the land sued for is embraced in the land conveyed by A. C. Pearce to Linn by deed of date July 11, 1866, and by the deed of A. C. Pearce to W. W. Pearce by deed of date December 2, 1867.   Nor can there be any doubt that the land conveyed to A. C. Pearce by W. W. Pearce by deed of date January 30, 1875, is the same as that sued for.   The deed last named certainly divested W. W. Pearce of any title he before its date held, and vested that title in A. C. Pearce, the intestate, whose estate is represented in this cause by its administratrix.

It then only becomes necessary to inquire whether the mother of Nannie L. Pierce took title to the land by the deed made to her by her husband, W. W. Pearce, of December 2, 1876, superior to that conveyed to A. C. Pearce by his deed of January 30, 1875.

If the deed last named had been recorded, or notice otherwise given of its existence, before W. W. Pearce conveyed the same land, there would arise no question in the case.

That deed, however, was not recorded, and the mother of the intervenor, unless notice to her husband was notice to her, is not shown to have had notice of that deed until the deed to her was recorded; and the inquiry arises, whether the facts proved will protect the deed to the intervenor's mother, even if she was not in law or in fact notified of the existence of the former deed at the time her husband made the deed to her.

To entitle the deed to the mother of the intervenor to protection

against the prior unrecorded deed, it must appear that she was a *bona fide* purchaser. To constitute her such a purchaser she must have paid out of her separate estate for the land; for if the money which it is claimed was the consideration for the deed was community property, then the conveyance from her husband to her was a gift; for in such case there could be no valuable consideration whatever moving from the wife to support the deed.

It appears in the statement of facts, which we must take to be true, notwithstanding the contest made on the motion for new trial as to what the evidence of W. W. Pearce was, that W. W. Pearce collected after his marriage some money which his wife had earned by her own labor. The evidence in regard to this money, its use, and the making and delivery of the deed by W. W. Pearce, is as follows: "I married Nannie J. Pearce in December, A. D. 1874, and I made the deed to her December 2, 1876. My wife knew nothing of the making of the deed by me to her. She was then in Fort Worth. I acknowledged the deed before T. A. Collins, deputy county clerk, and told him to send it to me at Fort Worth, Texas, as soon as he recorded it. My wife had taught a school in Erath county, Texas, and there was due her about $300 in school vouchers. I went up to Erath county in November, 1876, and collected her school vouchers, and came back to Bosque county and paid off some of my debts with it. I told my wife when I started to collect the money that if I used it I would reimburse her. I deeded her the same land I had sold to my father. I knew my father's deed was not on record at the time I deeded the land to my wife. Mr. Collier sent the deed to me at Fort Worth after recording it, and when I received it, and at the time I delivered it to my wife, I told her for the first time that I had sold the land to my father, A. C. Pearce. My wife knew nothing about my deeding her the land before I told her at Fort Worth. I had used some of her money that I had collected out of the school vouchers in paying off some of my debts, and without letting her know anything about the land I just made her the deed to reimburse her for money I used."

The facts here stated make the money referred to presumptively community property: and the fact that, as between themselves, the husband may have intended that the wife should disburse an equivalent sum, which he might at some future time deliver to her in consequence of his having used the money so collected, as to her might seem proper, would not change the character of the fund.

Nor would the fact that the husband may have intended, because he had collected and used money, the proceeds of the wife's personal

labor, performed during coverture, to give to her at some future time a like sum, which by such gift would become the wife's separate property, affect the character of the sum so collected, and used by the husband, and thereby render him or the community debtor to the wife. That relationship must be fixed by the character of the fund collected, and in the absence of proof to the contrary, the money having been collected long after the marriage, the presumption is that the money collected by the husband was community property.

There was no agreement between the husband and the wife that the land should be conveyed to her; the whole transaction in regard to the deed to the wife, so far as the record shows, was concocted and carried to its consummation without the intervention of any will save that of the husband, who, with the knowledge that he had conveyed the land to his father, deliberately conveyed the same land to his wife, relying, perhaps, on the fact that the former deed had not been recorded to give validity to his last deed.

Such a transaction based on such a consideration cannot be held to pass title which a court of justice will declare superior to that which vested in the estate of A. C. Pearce under the prior deed, even if no notice of that deed was brought to the wife of W. W. Pearce.

What occurred in the making of the deed is consistent with the intention of W. W. Pearce to make a gift to his wife of which the law would presume an acceptance, but is at war with the proposition that the husband had used the separate estate of the wife, and by contract was discharging a debt thus contracted by him or by the community, by conveying to her the land in controversy; for a contract of that character cannot be made without the consent of the creditor as well as the debtor.

In so far as property rights are concerned, the laws of this state recognize the separate existence of the wife, and with it a qualified power to contract. They make the husband the agent of the wife in the management of her separate estate, but in transactions between themselves, in reference to property rights, the wife must, in the nature of things, if she can contract with her husband at all so as to bind herself or her separate estate, be entitled to exercise her own will; for in reference to such matters the husband cannot be the agent of the wife to make a contract with himself.

Contracts between husband and wife have been seemingly recognized even in cases in which the separate estate of the wife was affected (Kendrick v. Taylor, 27 Tex., 698); but it is probably true

that transactions between them, whereby the separate estate of the wife is affected, are sustained on grounds other than the mere force of a contract between the husband and the wife.

If the wife's right under the deed from her husband is based on contract between them, a matter which we need not determine, then, at the very time she was first informed of the making of the deed to her, at the very first moment her will could have acted on the matter, she was also informed of the existence of the deed made before that time by her husband to A. C. Pearce.

Under such facts she could not in good faith accept the deed, which she knew could not be made in good faith; hence, if her right be based on contract with her husband, her consent first given was given with knowledge of the fact which invalidated the deed which she consented to receive, and in such case her title could not be sustained even if the money collected and used by her husband had been her separate property.

If her right be not based on a contract made with her husband, then it must be based on the power of her husband to make a settlement for her with the community, of which they were both members, as he would with any other person.

If this be the ground, then the husband would be essentially the agent of the wife in the matter transacted, whose knowledge would be her knowledge, under the general rules which apply to notice to an agent.

Under none of these grounds can the title set up by the intervenor be sustained.

The action of the court below in giving and refusing instructions was not erroneous; nor did the court err in admitting testimony to sustain the averments of the petition without a replication to the plea in intervention. The evidence fully sustains the judgment, and the court did not err in overruling the motion for a new trial. The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 27, 1884.]